IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

IN THE MATTER OF THE SEARCH OF: )
) Magistrate Number: 16-1013M
THE RESIDENCE LOCATED AT: )
2877 STATE ROUTE 981, APARTMENT 30 ) [UNDER SEAL]
NEW ALEXANDRIA, PENNSYLVANIA 15670 )
)

## APPLICATION AND AFFIDAVIT FOR SEARCH WARRANT

I, Jason Adams, a Special Agent (SA) with Homeland Security Investigations, being duly sworn, depose and state as follows:

### INTRODUCTION

1. I am a Special Agent with the Department of Homeland Security (DHS), Immigration and Customs Enforcement (ICE), Homeland Security Investigations (HSI), assigned to the Pittsburgh, Pennsylvania Office. I have been so employed since July 2009. As part of my duties as an HSI Special Agent, I investigate criminal violations relating to high technology crime, cyber-crime, child exploitation and child pornography including violations pertaining to the illegal distribution, receipt, possession, and production of materials depicting the sexual exploitation of children in violation of Title 18, United States Code, Sections 2252(a)(2), 2252(a)(4)(B) and 2251. I have received training in the area of child pornography and child exploitation investigations, and have had the opportunity to observe and review numerous examples of such materials in a variety of electronic media. I am a member of the Western Pennsylvania Crimes against Children Task Force. I have participated in and led numerous child pornography investigations. I have executed numerous search warrants related to child pornography investigations. In this regard, I have reviewed extensive samples of child pornography, including videos, photographs, and digital reproductions of photographs or other

print media.

2. This affidavit is made in support of an application for a search warrant for the residence situated at **2877 STATE ROUTE 981, APARTMENT 30, NEW ALEXANDRIA, PENNSYLVANIA 15670**, for items specified in "Attachment B." The residence is specifically described in "Attachment A" as an apartment located on the top floor of a multi-unit residence constructed of brick and tan siding. An entrance with a black door and silver handle is located on the north side of the residence. This door leads to a common area and stairway; at the top of the stairway on the left is Apartment 30 with a green door. The number "30" is displayed on the door in black letters.

3. The purpose of this application is to seize evidence, fruits, and instrumentalities, more particularly described in Attachment B, of violations of Title 18, United States Code, Section 2252(a)(2), which makes it a crime to receive and distribute material depicting the sexual exploitation of a minor; and violations of Title 18, United States Code, Section 2252(a)(4)(B), which makes it a crime to possess material depicting the sexual exploitation of a minor and access with intent to view it.

4. Through my experience and training, I am aware that Title 18, United States Code, Section 2256 defines "minor", for purposes of Section 2252, as "any person under the age of eighteen years". Section 2256 also defines "sexually explicit conduct" for purposes of these sections as including: (a) genital-genital, oral-genital, anal-genital, and oral-anal sexual intercourse, whether between persons of the same or opposite sex; (b) bestiality; (c) masturbation; (d) sadistic or masochistic; or (e) lascivious exhibition of the genitals or pubic area of any person.

5. The statements in this affidavit are based, in part, on information provided by witnesses and your affiant's investigation of this matter. Since this affidavit is being submitted for the limited purpose of securing a search warrant, I have not included each and every fact known to me concerning this investigation. I have set forth only the facts that I believe are necessary to establish probable cause to believe that evidence, fruits, and instrumentalities of the violations of Title 18, United States Code, Sections 2252(a)(2) and 2252(a)(4)(B), are presently located at **2877 STATE ROUTE 981, APARTMENT 30, NEW ALEXANDRIA, PENNSYLVANIA 15670**.

6. In summary, the following affidavit sets forth facts that establish that there is probable cause to believe that a subject who received, distributed, and/or possessed visual depictions of minors engaged in sexually explicit conduct, via the Internet, is using electronic devices located within the residence located at **2877 STATE ROUTE 981, APARTMENT 30, NEW ALEXANDRIA, PENNSYLVANIA 15670** to access said materials. Said visual depictions may be viewed, accessed, saved, and stored on various tangible devices, to include computers, cellular devices, USB "thumb" drives, memory cards, etc., as well as may be printed into hard copy form.

### BACKGROUND REGARDING SEIZURE OF COMPUTERS

7. Based upon my knowledge, training, and experience, and the experience of other law enforcement personnel, I know that searches and seizures of evidence from computers commonly require agents to seize most of the computer items (hardware, software and instructions) to be processed later by a qualified computer expert in a laboratory or other controlled environment. That is almost always true because of the following:

8.   Computer storage devices (like hard drives, diskettes, laser disks, and others) store the equivalent of thousands of pages of information. Especially when the user wants to conceal criminal evidence, he or she may store it in random order with deceptive file names. This requires searching authorities to examine all the stored data to determine whether it is included in the warrant. This examination process can take weeks or months, depending on the volume of the data stored, and it would be impractical to attempt this kind of data search on-site.

9.   Searching computer systems for criminal evidence is a highly technical process requiring expert skills in a properly controlled environment. The vast array of computer hardware and software available today requires even computer experts to specialize in some systems and applications. It is difficult to know before a search which expert should analyze the system and its data. A search of a computer system is an exacting scientific procedure, which is designed to protect the integrity of the evidence and to recover hidden, erased, compressed, password-protected, and other encrypted files. Because computer evidence is extremely vulnerable to tampering and destruction (both from external sources and from code embedded in the system as a "booby-trap"), the controlled environment of a laboratory is essential to its complete and accurate analysis.

10.   In order to fully retrieve data from a computer system, the analyst needs all magnetic storage devices, as well as the central processing unit ("CPU"). In cases like this one, where the evidence consists partly of graphic files, the monitor and printer are also essential to show the nature and quality of the graphic images that the system can produce. In addition, the analyst needs all assisting software (operating systems or interfaces, and hardware drivers) and any applications software, which may have been used to create the data (whether stored on hard

4

drives or on external media), as well as all related instructional manuals or other documentation and security devices. Moreover, searching computerized information for evidence or instrumentalities of crime commonly requires the seizure of the entire computer's input/output periphery devices (including related documentation, passwords and security devices) so that a qualified expert can accurately retrieve the system's data in a controlled environment. Peripheral devices, which allow users to enter and retrieve data from stored devices, vary widely in their compatibility with other hardware and software. Many system storage devices require particular input/output devices in order to read the data on the system. It is important that the analyst be able to properly retrieve the evidence sought.

## BACKGROUND REGARDING THE INTERNET

11. I have been formally trained in the investigation of crimes involving the sexual exploitation of children. I have conducted numerous searches and forensic reviews of computers, cellular communications devices and other digital storage media. I have formal HSI training on conducting computer based investigations.

12. Through my training and knowledge, and the experience of other law enforcement personnel involved in this investigation, I know that the Internet is a worldwide computer network that connects computers and allows communications and the transfer of data and information across state and national boundaries. A user accesses the Internet from a computer network or Internet Service Provider ("ISP") that connects to the Internet. The ISP assigns each user an Internet Protocol ("IP") Address. Each IP address is unique. Every computer or device on the Internet is referenced by a unique IP address the same way every telephone has a unique telephone number. An IP address is a series of four numbers separated by a period, and each

number is a whole number between 0 and 255. An example of an IP address is 192.168.10.102. Each time an individual accesses the Internet, the computer from which that individual initiates access is assigned an IP address. A central authority provides each ISP a limited block of IP addresses for use by that ISP's customers or subscribers. Most ISP's employ dynamic IP addressing; that is, they allocate any unused IP address at the time of initiation of an Internet session each time a customer or subscriber accesses the Internet. A dynamic IP address is reserved by an ISP to be shared among a group of computers over a period of time. IP addresses might also be static, if an ISP assigns a user's computer a particular IP address which is used each time the computer accesses the Internet. The ISP logs the date, time and duration of the Internet session for each IP address and can identify the user of that IP address for such a session from these records, depending on the ISP's record retention policies.

13. Computer files or remnants of such files can be recovered months or even years after they have been downloaded onto a hard drive, deleted, or viewed via the Internet. Electronic files downloaded to a hard drive can be stored for years at little to no cost. Even when such files have been deleted, they may be recoverable months or years later using readily-available forensic tools. When a person "deletes" a file on a home computer, the data contained in the file does not actually disappear; rather, that data remains on the hard drive until it is overwritten by new data. Therefore, deleted files, or remnants of deleted files, may reside in free space or slack space – that is, in space on the hard drive that is not allocated to an active file or that is unused after a file has been allocated to a set block of storage space – for long periods of time before they are overwritten. In addition, a computer's operating system may also keep a record of deleted data in a "swap" or "recovery" file. Similarly, files that have been viewed via

6

the Internet are automatically downloaded into a temporary Internet directory or cache. The browser typically maintains a fixed amount of hard drive space devoted to these files, and the files are only overwritten as they are replaced with more recently viewed Internet pages. Thus, the ability to retrieve residue of an electronic file from a hard drive depends less on when the file was downloaded or viewed than on a particular user's operating system, storage capacity, and computer habits.

## OVERVIEW OF KIK MESSENGER

14. Based upon information provided by Kik Interactive, Inc., my own knowledge, experience, and training and the training and experience of other law enforcement officers with whom I have had discussions, I know that Kik Messenger is an instant messaging software application offered free of charge by Kik Interactive, Inc. and is available for Apple iOS, Android, and Windows 7 devices. Kik Messenger uses an existing Wi-Fi connection or data plan to send and receive messages. In order to use Kik Messenger, a user must first install the Kik Messenger application on a device and register for a Kik user name using an e-mail address. Kik Messenger enables users to send and receive text, images and videos.

## FACTS RELATING TO PROBABLE CAUSE

15. On or about September 30, 2016, your affiant received investigative information from the HSI Attaché Office located in Vancouver, Canada (HSI Vancouver) which indicated Kik Messenger user name "tubbygrimreaper" had distributed child exploitation images and videos to other users of Kik Messenger. The activity of Kik Messenger user name "tubbygrimreaper" was discovered pursuant to an investigation by The Royal Canadian Mounted Police (RCMP), British Columbia Integrated Child Exploitation Unit (BC ICE). Investigative

7

information indicates that child exploitation images and videos were distributed by Kik Messenger user name "tubbygrimreaper" in May of 2016 from Internet Protocol (IP) addresses associated with Matthew T. BUCHINSKY with the address **2877 STATE ROUTE 981, APARTMENT 30, NEW ALEXANDRIA, PENNSYLVANIA 15670.**

16.     Your affiant has reviewed the investigative information referred to in paragraph 15 and ascertained that on May 11, 2016, RCMP BCICE obtained and executed a Production Order on Kik Interactive, Inc. for subscriber information and content associated with Kik Messenger user name "tubbygrimreaper". Your affiant has reviewed a copy of the Production Order response and ascertained that Kik Messenger user name "tubbygrimreaper" has sent or received approximately 31,700 images and videos, many of which depict minors and prepubescent minors engaged in sexually explicit conduct. The records show that several of these images and videos were distributed while the user was logged into the account from IP Address 98.236.252.131. Your affiant has reviewed these images and videos and can describe a representative sampling as the following:

> a. On May 11, 2016, at 0441 hours UTC, a video was distributed by Kik Messenger user name "tubbygrimreaper" to another Kik user. This video, approximately fifteen (15) seconds in length, depicts a partially nude prepubescent minor male, estimated to be 9-12 years old, lying on his back. The minor male has short hair and is wearing a t-shirt that is blue and yellow in color. The minor male exposes his penis and testicles to the camera then proceeds to masturbate. The following text is viewable at the bottom right of the screen: "@my_sexy_dick" and "musical.ly". This video has the file name "1462941670486-b4bb35eb-0634-4b1c-873e-f373e9f83d83".
>
> b. On May 10, 2016, at 0740 hours UTC, an image was distributed by Kik Messenger user name "tubbygrimreaper" to another Kik user. This image depicts a nude prepubescent minor female, estimated to be 4-7 years old. The minor female has dark brown hair and is seated, facing the camera, on an apparent blanket that is yellow, red, and black in color. The minor

    female has a red piece of clothing hanging on her right knee. The minor female's left hand is holding her left breast. The minor female's right hand is touching her vagina. This image has the file name "1462866004563-9358f393-7774-454d-bb9f-9e7674acbc".

  c. On May 10, 2016, at 0737 hours UTC, a video was distributed by Kik Messenger user name "tubbygrimreaper" to another Kik user. This video, approximately one (1) minute and thirty six (36) seconds in length, depicts a nude prepubescent minor male and female, both estimated to be 7-10 years old. The minor male and female both have dark brown hair and are lying on their backs. The minor male's left hand is touching the minor female's vagina. The minor female's right hand is masturbating the minor male's penis. The minors then perform oral sex on each other. The minors then engage in sexual intercourse. The following text is viewable in the upper left of the screen: "WWW.LOADHEEDEK.COM". This video has the file name "1462865849022-8375a9d6-473c-453e-b378-676c7c7758".

 17. On October 11, 2016, your affiant received and reviewed subscriber information for IP Address 98.236.252.131, obtained through official service from the internet service provider Comcast. Subscriber information shows that on the dates and times associated with the distribution of videos and the image described in paragraph 16, IP Address 98.236.252.131 was registered to "ROBERT ADAMCZYK" of **2877 STATE ROUTE 981, APARTMENT 30, NEW ALEXANDRIA, PENNSYLVANIA 15670**. At present, investigative information does not indicate "ROBERT ADAMCZYK" is involved in the criminal activity described in this affidavit. Public records show a marriage license was issued in Janauary of 2016 to "ROBERT ADAMCZYK" and Karen Buchinsky, Matthew BUCHINSKY'S suspected mother.

 18. Further review of the Production Order response, referred to in paragraph 16, revealed that in May of 2016, Kik Messenger user name "tubbygrimreaper" distributed multiple images and videos depicting minors and prepubescent minors engaged in sexually explicit conduct from IP Addresses 70.199.6.245 and 70.199.7.226. Your affiant has reviewed these

images and videos and can describe a representative sampling as the following:

    a.    On May 7, 2016, at 2204 hours UTC, while logged in from IP Address 70.199.6.245, a video was distributed by Kik Messenger user name "tubbygrimreaper" to another Kik user. This video, approximately twenty five (25) seconds in length, depicts two (2) partially nude minor males, estimated to be 9-12 years old, seated and facing the camera. One (1) minor male is wearing a t-shirt, yellow in color. One (1) minor male is wearing a t-shirt, red in color. Both minor males lift their legs up then expose and repeatedly touch their penises. This video has the file name "1462658673049-cc00ee858-4385-4e80-9245-b73bd2cabac5".

    b.    On May 7, 2016, at 2201 hours UTC, while logged in from IP Address 70.199.6.245, a video was distributed by Kik Messenger user name "tubbygrimreaper" to another Kik user. This video, approximately thirty three (33) seconds in length, depicts a partially nude prepubescent minor male, estimated to be 3-6 months old. The minor male is lying on his back and wearing a blue, long-sleeved shirt. The camera is focused on the minor male's exposed penis and testicles. An adult male rubs his erect penis against the minor male's anus area. The adult male masturbates the minor male's penis. The adult male then masturbates his own penis and ejaculates onto the minor male's penis and stomach. This video has the file name "1462658517048-a7d419a0-4e98-42c8-bf01-54c59c8ada".

    c.    On May 1, 2016, at 0050 hours UTC, while logged in from IP Address 70.199.7.226, an image was distributed by Kik Messenger user name "tubbygrimreaper" to another Kik user. This image depicts a nude prepubescent minor male estimated to be 4-7 years old. The minor male has light brown hair and is lying on his back on an apparent blanket, green in color. The minor male is facing the camera with his right hand holding a cylindrical object that is inserted into his anus. The minor male's penis, testicles, and anus are exposed to the camera. This image has the file name "1462063814916-4a530388-82ec-44b6-a4a3-efe30372c881".

    19.    On October 11, 2016, your affiant received and reviewed subscriber information for IP Addresses 70.199.6.245 and 70.199.7.226, obtained through official service from the internet service provider Verizon Wireless. Subscriber information shows that on the dates and times associated with the distribution of videos and the image described in paragraph 18, IP Addresses 70.199.6.245 and 70.199.7.226 were registered to multiple users including Matthew

BUCHINSKY of **2877 STATE ROUTE 981, APARTMENT 30, NEW ALEXANDRIA, PENNSYLVANIA 15670.** Subscriber information shows the Verizon Wireless telephone number on the account is 724-420-6771.

20. Subscriber information from Kik Interactive, Inc., referred to in paragraph 16, shows that Kik Messenger user name "tubbygrimreaper" is registered to "Matthew Buchinsky" with the e-mail addresses tubbygrimreaper@yahoo.com, coolralph2005@yahoo.com, and myfatcat@yahoo.com. Subscriber information also shows the user's date of birth is May 30, 1986 and registration timestamp is February 9, 2015. The IP Address history log shows multiple logins from IP Addresses 98.236.252.131 including a last login date of August 5, 2016.

21. Record checks of the e-mail address coolralph2005@yahoo.com, referred to in paragraph 20, conducted in publically-available information reveal the presence of a publically-viewable profile on the social media website Facebook with the name "Matthew Buchinsky", internet address "https://www.facebook.com/matthew.buchinsky", and Facebook identification number 1808325755. Under the section of this profile entitled "About Matthew Buchinsky" is displayed "CTI wash truck" under "WORK" and "New Alexandria, Pennsylvania" under "CURRENT CITY AND HOMETOWN". The cover photograph of this profile displays an image which contains the following text: "[CSAF]TubbyGrimReaper". As of October 14, 2016, the profile is viewable.

22. Record checks with the Pennsylvania Department of Transportation have fully identified Matthew T. BUCHINSKY (BUCHINSKY) as having been issued Pennsylvania Operator's License number (PA OLN) 28660407. PA OLN 28660407 displays the date of birth "05/30/1986".

11

23. On or about October 21, 2016, United States Postal Inspector Karen Walters (USPI Walters) informed your affiant that BUCHINSKY is receiving mail at the address of **2877 STATE ROUTE 981, APARTMENT 30, NEW ALEXANDRIA, PENNSYLVANIA 15670**.

24. On October 21, 2016, your affiant was informed by Lieutenant and Computer Forensics Examiner Robert Jones with the Greensburg, Pennsylvania Police Department (Lt. Jones) that apartment management had confirmed BUCHINSKY is listed on the lease of **2877 STATE ROUTE 981, APARTMENT 30, NEW ALEXANDRIA, PENNSYLVANIA 15670**.

25. On October 25, 2016, your affiant conducted surveillance at **2877 STATE ROUTE 981, APARTMENT 30, NEW ALEXANDRIA, PENNSYLVANIA 15670**. During this surveillance, your affiant observed and obtained photographs of the residence. The residence observed was an apartment located on the top floor of a multi-unit residence constructed of brick and tan siding. An entrance with a black door and silver handle is located on the north side of the residence. This door leads to a common area and stairway; at the top of the stairway on the left is Apartment 30 with a green door. The number "30" is displayed on the door in black letters.

### CHARACTERISTICS COMMON TO INDIVIDUALS INVOLVED IN RECEIVING CHILD PORNOGRAPHY AND WHO HAVE A SEXUAL INTEREST IN CHILDREN AND IMAGES OF CHILDREN

26. Based on my previous investigative experience related to child pornography investigations, and the training and experience of other law enforcement officers with whom I have had discussions, I have learned that individuals who view and receive multiple visual depictions of minors engaged in sexually explicit conduct are often individuals who have a sexual interest in children and in images of children, and that there are certain characteristics

common to such individuals:

    a.    Such individuals often maintain their "hard copies" of child pornographic material, that is, their pictures, films, video-tapes, magazines, negatives, photographs, correspondence, mailing lists, books, tape recordings, etc., in the privacy and security of their home or some other secure location. Individuals who have a sexual interest in children or images of children typically retain pictures, films, photographs, negatives, magazines, correspondence, books, tape recordings, mailing lists, child erotica[1], and videotapes for many years.

    b.    Likewise, such individuals often maintain their collections that are in a digital or electronic format in a safe, secure and private environment, such as a computer and surrounding area. These collections are often maintained for several years and are kept close by, usually at the collector's residence, to enable the individual to view the collection, which is valued highly.

    c.    Such individuals also may correspond with and/or meet others to share information and materials; rarely destroy correspondence from other child pornography distributors/ collectors; conceal such correspondence as they do their sexually explicit material; and often maintain lists of names, addresses, and telephone numbers of individuals with whom they have been in contact and who share the same interests in child pornography.

    d.    Such individuals prefer not to be without their child pornography for any prolonged time period. This behavior has been documented by law enforcement officers

---

[1] Child erotica, as used in this Affidavit and Attachments, is defined as items or depictions that may be sexually arousing to individuals with a sexual interest in children but which may not be obscene in and of themselves and do not necessarily depict minors engaged in sexually explicit conduct. Such materials may include non-sexually explicit photographs (such as minors depicted in undergarments in department store catalogs or advertising circulars), drawings, or sketches, written descriptions/stories, or journals.

13

involved in the investigation of child pornography throughout the world.

## CONCLUSION

27.    Based on the aforementioned factual information, your affiant respectfully submits that there is probable cause to believe that evidence, fruits and instrumentalities of violations of Title 18, United States Code, Sections 2252(a)(2) and 2252(a)(4)(B) may be located in the residence located at **2877 STATE ROUTE 981, APARTMENT 30, NEW ALEXANDRIA, PENNSYLVANIA 15670** (more fully described in Attachment A).

28.    Your affiant, therefore, respectfully requests that the attached warrant be issued authorizing the search and seizure of the items listed in Attachment B.

29.    It is further respectfully requested that this Court issue an Order sealing, until further order of Court, all papers submitted in support of this Application, including the Application, Affidavit, and the Search Warrant, and the requisite inventory notice (with the exception of one copy of the warrant and inventory notice that will be left at **2877 STATE ROUTE 981, APARTMENT 30, NEW ALEXANDRIA, PENNSYLVANIA 15670**. Sealing is necessary because the items and information to be seized are relevant to an ongoing investigation and premature disclosure of the contents of this Affidavit and related documents may have a negative impact of this continuing investigation and may jeopardize its effectiveness.

30.    The above information is true and correct to the best of my knowledge, information and belief.

_____
JASON B. ADAMS
Special Agent
Homeland Security Investigations

Subscribed and sworn to before me
this _27_ day of October, 2016.

_____

United States Magistrate Judge